**In re CONTEMPORARY MISSION, INC., Debtor.**

**Bankruptcy No. 5–82–00915.**

United States Bankruptcy Court, D. Connecticut.

June 6, 1983.

William D. O'Reilly, Westport, Conn., for debtor.

Ira B. Charmoy, Levin & Charmoy, Bridgeport, Conn., for petitioning creditors.

MEMORANDUM AND ORDER ON PETITIONING CREDITORS' MOTION TO STRIKE COUNTERCLAIM

ALAN H.W. SHIFF, Bankruptcy Judge.

### I.

On August 6, 1982, an involuntary petition under Chapter 7 of the Bankruptcy Code was commenced against the debtor, Contemporary Mission, Inc. On March 28,

file notice of appeal, dated April 15, 1983.

1983 the debtor filed, *inter alia,* a counterclaim, seeking money damages on the basis of a claim that the petition was filed in bad faith within the meaning of 11 U.S.C. § 303.[1] More specifically, the debtor alleged that an individual, unnamed in the petition, "improperly importuned" the named creditors to file the petition, "knowing that such a petition may not be filed against a religious organization." The petitioning creditors have moved to strike the counterclaim on the basis that it contravenes Bankruptcy Rule 112. Bankruptcy Rule 112 provides in pertinent part:

> The answer to a petition may include the statement of a claim against a petitioning creditor only for the purpose of defeating the petition. No other responsive pleadings shall be allowed . . .

## II.

The purpose of the counterclaim here clearly goes beyond defeating the petition. The debtor during oral argument, however, pointed to 3 *Collier on Bankruptcy* ¶ 303.27 (15th ed. 1983) in support of its position. There, the treatise suggests several procedural possibilities for the debtor's raising a "bad faith" claim:

> Petitioning creditors may argue that the time for asserting counterclaims for damages is when the case is dismissed in accordance with Rule 112 which does not permit affirmative judgments or counterclaims.

A middle ground may be that the counterclaim be withdrawn without prejudice to renewal if the case is dismissed. The debtor may argue that the section 303(i) counterclaim or cause of action supersedes the prohibition of Rule 112 and the Code provides the debtor with this leverage against petitioning creditors early in the case since the grounds for relief have been relaxed for the benefit of creditors.

*Id.* (note omitted).

I do not agree with the debtor's argument that section 303(i) supersedes the prohibition of Bankruptcy Rule 112. Rule 112, in part, serves to facilitate an early determination of the involuntary petition's merits. The fact that Congress has simplified the substantive basis for filing an involuntary petition by eliminating the so-called acts of bankruptcy seems to militate for, rather than against, the continued vitality of the prohibition contained in Bankruptcy Rule 112.[2] In that regard, it should be noted that the Bankruptcy Rules prescribed by the United States Supreme Court on April 25, 1983, which were written for the Code[3] and will become effective August 1, 1983 absent Congressional action, reasserts the relevant provision of Bankruptcy Rule 112.[4]

## III.

Accordingly, it is ORDERED that the petitioning creditors' motion to strike counterclaim be, and hereby is, granted without prejudice to the counterclaim's renewal if the case is dismissed.

---

1. 11 U.S.C. § 303 provides in pertinent part:
   (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

     .    .    .    .    .

   (2) against any petitioner that filed the petition in bad faith, for—
   (A) any damages proximately caused by such filing; or
   (B) punitive damages.

2. One obstacle to the debtor's counterclaim, however, has been removed by the enactment of 11 U.S.C. § 303(i). Prior to the promulgation of Bankruptcy Rule 112, counterclaims, such as here, were inappropriate because the bankruptcy court lacked jurisdiction over the

subject matter. *E.g., Georgia Jewelers, Inc. v. Bulova Watch Co.,* 302 F.2d 362, 369–70 (5th Cir.1962). See Advisory Committee's Note to Bankruptcy Rule 112. The requisite jurisdiction has now been provided by 11 U.S.C. § 303(i).

3. *See* 28 U.S.C. § 2075, as amended by section 247 of Public Law 95–598.

4. New Bankruptcy Rule 1011, "Responsive Pleading or Motion in Involuntary Cases" provides in pertinent part
   (d) CLAIMS AGAINST PETITIONERS. A claim against a petitioning creditor may not be asserted in the answer except for the purpose of defeating the petition.